**Guo Ying CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 03–74343, 04–71604.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Nov. 28, 2005.

Theodore N. Cox, Law Offices of Theodore Cox, Esq., New York, NY, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Mark C. Walters, Esq., Deborah N. Misir, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: NOONAN, RYMER, and GOULD, Circuit Judges.

MEMORANDUM**

Petitioner Guo Ying Chen, a native and citizen of China, petitions for review of two decisions of the Board of Immigration Appeals (BIA) denying her application for asylum and her subsequent motion to reopen that application. We review the BIA's denial of an applicant's motion to reopen for an abuse of discretion. *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004). We have held that the BIA abuses its discretion if it fails to consider new, material evidence offered by an applicant in support of a motion to reopen. *See, e.g., Mejia v. Ashcroft*, 298 F.3d 873, 879–80. (9th Cir.2002).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Chen's asylum claim alleged that she was persecuted by the Chinese government because she was required to have an IUD implanted after giving birth to a child out of wedlock, in violation of China's family planning policies. After her asylum application was denied by the IJ and the BIA, Chen moved to reopen. Chen presented evidence that, after the denial of her initial application, she began to experience worsening medical symptoms, including dizziness, severe abdominal pain, and loss of consciousness, that were linked to her IUD. She provided a doctor's note stating that her IUD had been removed for medical reasons. And she alleged that she feared a second IUD insertion and "additional penalties" if she were returned to China. The BIA denied Chen's motion to reopen.

On appeal, Chen argues that the BIA abused its discretion in denying her motion to reopen because it gave no consideration to her newly-presented evidence. We agree. Aside from noting a "threat of infection," the BIA did not even acknowledge the new medical symptoms Chen had suffered as a result of her IUD. Yet this evidence bears directly on the degree of physical pain that Chen experienced as a result of her IUD, a crucial component in assessing whether Chen has suffered, or fears, persecution. Moreover, although Chen expressly stated that she feared a *second* IUD insertion, the BIA's opinion relies only on the circumstances surrounding Chen's *first* IUD insertion, in 1992. We do not find it realistic for the BIA to assume, without explanation, that Chen would submit to a second IUD insertion as easily as she did eleven years earlier, particularly in light of the severe physical distress Chen ultimately suffered as a result of her first IUD. In addition, the BIA completely failed to address Chen's contention that she feared "additional penalties," in addition to a second IUD insertion, as punishment for her hav-

ing removed her IUD without permission. Finally, the BIA did not consider whether Chen's decision to remove her IUD constitutes the "resistance to a coercive population control program" required by 8 U.S.C. § 1101(a)(42).

On this record, we are convinced that the BIA abused its discretion by failing to meaningfully address the new, material evidence presented by Chen in support of her motion to reopen. In light of this decision, it is unnecessary at this time for us to address the question of whether the BIA properly denied Chen's initial asylum application.

We therefore VACATE the decision of the BIA denying Chen's motion to reopen and REMAND for a full consideration of the evidence proffered by Chen. Chen's appeal in 03–74343 shall be held in abeyance pending further proceedings before the BIA.

RYMER, Circuit Judge, dissenting.

I would deny the petition because the BIA's determination that insertion of an IUD does not constitute political persecution is not an unreasonable construction of 8 U.S.C. § 1101(a)(42)(B). That section on its face applies only to forced abortions and involuntary sterilizations. An IUD is neither. Nor was the mild pressure that Chen testified her mother was subjected to of the sort that persecution is made of. *Li v. Ashcroft*, 356 F.3d 1153 (9th Cir.2004), does not compel a contrary conclusion because there the petitioner actively opposed China's family policy while in China—which Chen did not—and was forced to undergo an offensive examination in retaliation for her political opinion—which did not happen to Chen. She voluntarily went to the hospital and chose her IUD.

I disagree with the majority that the BIA improperly ignored Chen's "new medical symptoms" and evidence of physical pain caused when the IUD shifted position

years after insertion. While her discomfort was unfortunate, the issue before the BIA on reopening was not merely whether Chen experienced or feared pain, but whether she feared persecution *on account of a protected ground.* Chen's medical evidence does not bear on that issue, and so was immaterial to the BIA's determination. While Chen's IUD has now been removed, reinsertion (which she fears might happen were she returned to China) would still not be *political* persecution. Also, the majority's surmise that Chen would resist insertion of a new IUD, or that such resistance would subject her to "additional penalties," is speculation as there is no support for either possibility in the record. Neither is there anything else in the record to support, let alone require, reopening, for the only other submissions were an expert statement and articles that were not newly discovered. Accordingly, the BIA did not abuse its discretion in refusing to reopen.